1
2
3
4
5
6
7
8
9

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWIN VINCENT MUNIS, | ) 1:12-cv—00792-SKO-HC |
| | ) |
| Petitioner, | ) ORDER DISMISSING PETITION FOR |
| | ) WRIT OF HABEAS CORPUS WITHOUT |
| | ) PREJUDICE FOR LACK OF SUBJECT |
| v. | ) MATTER JURISDICTION (DOC. 1) |
| | ) |
| PEOPLE OF THE STATE OF | ) ORDER DECLINING TO ISSUE A |
| CALIFORNIA, | ) CERTIFICATE OF APPEALABILITY AND |
| | ) DIRECTING THE CLERK TO CLOSE THE |
| Respondent. | ) CASE |
| | ) |
| | ) |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has consented to the jurisdiction of the United States Magistrate Judge to conduct all further proceedings in the case, including the entry of final judgment, by manifesting consent in a signed writing filed by Petitioner on May 22, 2012 (doc. 4). Pending before the Court is the petition, which was filed on May 9, 2012.

I.  <u>Screening the Petition</u>

Rule 4 of the Rules Governing § 2254 Cases in the United

1

States District Courts (Habeas Rules) requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990). Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of constitutional error. Rule 4, Advisory Committee Notes, 1976 Adoption; O'Bremski v. Maass, 915 F.2d at 420 (quoting Blackledge v. Allison, 431 U.S. 63, 75 n.7 (1977)). Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal. Hendricks v. Vasquez, 908 F.2d at 491.

The Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001). A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

Here, Petitioner alleges that he is an inmate of the Correctional Training Facility at Soledad serving a sentence for

2

the murder of his wife.  Petitioner challenges a state court decision upholding a judgment of the Superior Court of the State of California, County of Stanislaus made in Petitioner's criminal case, in which the court granted the prosecution's motion for an order directing Petitioner to reimburse the California Victim Compensation & Government Claims Board for expenses of the victim's funeral and the victim's son's mental health counseling. (Pet. 1-3.)  Petitioner challenges the restitution order in his criminal case for being beyond the authority of the court, untimely, and for conflicting with federal statutes protecting from creditors Petitioner's disability compensation from the United States Department of Veterans Affairs.  Petitioner does not otherwise challenge his judgment of conviction or sentence.

    I.   Absence of Subject Matter Jurisdiction

    Habeas relief shall be granted to a person in custody pursuant to the judgment of a state court only on the ground that the custody violates the Constitution, laws, or treaties of the United States.  28 U.S.C. § 2254.  The "in custody" requirement for a habeas petition pursuant to § 2254(a) is jurisdictional and thus is the first question a habeas court must consider.  Bailey v. Hill, 599 F.3d 976, 978 (9th Cir. 2010).  The requirement has two aspects: 1) the petitioner must be in custody at the time the petition is filed, and 2) the custody must be under the conviction or sentence under attack at the time the petition is filed.  Id.

    "Custody" includes physical imprisonment as well as other significant or severe restraints on liberty, but it does not include mere collateral consequences of a conviction.  Id. at

1   978-80.  The imposition of a fine, by itself, is not sufficient

2   to meet the jurisdictional requirements of § 2254.  Id. at 979

3   (quoting Williamson v. Gregoire, 151 F.3d 1180, 1183 (9th Cir.

4   1998)).  Further, liability under a restitution order is not a

5   sufficiently serious restraint on liberty to warrant habeas

6   relief.  Bailey v. Hill, 599 F.3d at 979.

7       The mere fact that a petitioner is physically in custody

8   when challenging a restitution order is insufficient to render

9   the claim cognizable where the petitioner is not challenging the

10  lawfulness of his custody under federal law.  Bailey v. Hill, 599

11  F.3d at 979-980, 984.  Mere physical custody does not provide the

12  required nexus between the petitioner's claim and the unlawful

13  nature of the custody.  Id. at 980-81.  Instead, § 2254(a)

14  requires that the substance of the claim being asserted must

15  challenge the legality of the custody on the ground that it is,

16  or was imposed, in violation of the Constitution, laws, or

17  treaties of the United States.  Id.

18      Further, the remedy for restitution claims – eliminating or

19  altering a money judgment – has no direct impact upon, and is not

20  directed at the source of the restraint upon, the petitioner's

21  liberty.  Instead, it would affect only the fact or amount of the

22  restitution that has to be paid.  Id. at 981.

23      Because the defect in Petitioner's petition relates to the

24  nature of the claim and not to the absence of allegations of

25  specific facts with respect to the claim, granting leave to amend

26  would be futile.  The Court, therefore, concludes that because

27  Petitioner is not "in custody" within the meaning of 28 U.S.C. §

28  2254(a), the Court lacks subject matter jurisdiction over the

1  petition.

2      When a federal court concludes it lacks subject matter

3  jurisdiction, the court must dismiss the action.  Arbaugh v. Y&H

4  Corp., 546 U.S. 500, 514 (2006); Moore v. Maricopa County

5  Sheriff's Office, 657 F.3d 890, 894 (9th Cir. 2011).  It will,

6  therefore, be ordered that the petition be dismissed for lack of

7  subject matter jurisdiction.

8      III.   Certificate of Appealability

9      Unless a circuit justice or judge issues a certificate of

10  appealability, an appeal may not be taken to the Court of Appeals

11  from the final order in a habeas proceeding in which the

12  detention complained of arises out of process issued by a state

13  court.  28 U.S.C. § 2253(c)(1)(A); Miller-El v. Cockrell, 537

14  U.S. 322, 336 (2003).  A certificate of appealability may issue

15  only if the applicant makes a substantial showing of the denial

16  of a constitutional right.  § 2253(c)(2).  Under this standard, a

17  petitioner must show that reasonable jurists could debate whether

18  the petition should have been resolved in a different manner or

19  that the issues presented were adequate to deserve encouragement

20  to proceed further.  Miller-El v. Cockrell, 537 U.S. at 336

21  (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).  A

22  certificate should issue if the Petitioner shows that jurists of

23  reason would find it debatable whether the petition states a

24  valid claim of the denial of a constitutional right and that

25  jurists of reason would find it debatable whether the district

26  court was correct in any procedural ruling.  Slack v. McDaniel,

27  529 U.S. 473, 483-84 (2000).

28      In determining this issue, a court conducts an overview of

5

1    the claims in the habeas petition, generally assesses their

2    merits, and determines whether the resolution was debatable among

3    jurists of reason or wrong.  <u>Id.</u>  It is necessary for an

4    applicant to show more than an absence of frivolity or the

5    existence of mere good faith; however, it is not necessary for an

6    applicant to show that the appeal will succeed.  <u>Miller-El v.</u>

7    <u>Cockrell</u>, 537 U.S. at 338.

8        A district court must issue or deny a certificate of

9    appealability when it enters a final order adverse to the

10   applicant.  Rule 11(a) of the Rules Governing Section 2254 Cases.

11       Here, it does not appear that reasonable jurists could

12   debate whether the petition should have been resolved in a

13   different manner.  Petitioner has not made a substantial showing

14   of the denial of a constitutional right.  Thus, the Court will

15   decline to issue a certificate of appealability.

16       IV.  <u>Disposition</u>

17       Accordingly, it is ORDERED that:

18       1) The petition is DISMISSED for lack of subject matter

19   jurisdiction; and

20       2) The Court  DECLINES to issue a certificate of

21   appealability; and

22       3) The Clerk is DIRECTED to close the action because this

23   order of dismissal terminates the action in its entirety.

24

25   IT IS SO ORDERED.

26   **Dated:   June 5, 2012**                 **/s/ Sheila K. Oberto**

                                  UNITED STATES MAGISTRATE JUDGE

27

28